UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| Jane Doe(a fictitious name),,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP CORP.,<br><br>    Defendants. | Civil Action No.3:22-cv-00212 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER

Plaintiff submits under seal this brief in support of her motion for permission to proceed in this litigation under a pseudonym and for a protective order.

### I. INTRODUCTION

Plaintiff's cause of action revolves around her partial disability claim, which the Defendant has improperly denied. Declaration of Plaintiff, attached as Exhibit A (filed under seal).

To summarize the underlying facts, Plaintiff was injured in a single car accident in 2018. She was airlifted to the University of Tennessee Medical Center, and diagnosed with subdural hematoma, intraparenchymal hemorrhage, mild pneumomediastinum, pulmonary contusion, L1-2 transverse process fracture, right frontal scalp contusion, and pain control secondary to trauma. Plaintiff continued to have limitations as a result of this accident, and began treating for post concussive symptoms with Dr. David Hauge, a neurologist. Dr. Hauge released Plaintiff to return

1

to work on a part-time basis, only four hours per day or twenty hours per week. She continues to treat her condition with Dr. Hauge, a speech language pathologist, a therapist, and a psychiatrist. All her providers agree that due to her condition, Plaintiff should not work more than four hours per day.

Plaintiff was employed by Baker, Donelson, Bearman, Caldwell, and Berkowitz, P.C. ("Baker Donelson") as an environmental law litigation attorney prior to her accident, and continued to work for Baker Donelson on a part-time basis after her injury. Her work involves complicated legal issues, requires her to meet a certain number of billable hours, and requires her to give legal advice to clients about complex legal issues. Although Plaintiff was able to continue her employment at Baker Donelson, she was only able to work in a part-time capacity. Working in excess of the time prescribed by her providers results in fatigue, pain, headaches, and cognitive problems which worsen with the increase in work load. Unfortunately, even Plaintiff's limited attempt to return to work has impaired her recovery process and led to increased symptoms to the degree that she has needed to step down from her current position, a decision supported by her treating specialist.

Because Plaintiff was only able to perform her occupation on a part time basis, she applied for long term disability benefits from the Defendant under the ERISA benefit plan she was eligible for. The plan provides for both disability benefits when a claimant is unable to work and is unemployed, and benefits when a claimant is able to return to work in a reduced capacity and earns a lower income than before the disability. Though Plaintiff's claim was supported by her own treating specialists, an independent neuropsychological examination, and a vocational consultation, Unum denied her claim.

2

Case 3:22-cv-00212   Document 3   Filed 06/10/22   Page 2 of 8   PageID #: 199

Although Plaintiff's current employer is aware of her claim, and she has informed those individuals she must about her limitations and impairments, she has otherwise kept information about her injuries and her condition private. Given that her occupation involves providing legal advice and the adversarial nature of litigation, were she to be forced to reveal the intimate details of her injury and limitations, it is probable that she would experience significant loss of professional reputation with peer attorneys and judges she practices with, embarrassment, and an inability to find alternate employment in the legal field should she recover enough in the future to pursue it. Because of all the above, Plaintiff files this suit under a pseudonym and asks the court's permission to allow her to maintain the cause of action under the name of "Jane Doe."

## II. LAW AND LEGAL ARGUMENT

### A. Underlying law regarding whether parties may litigate under a pseudonym

Under the Federal Rules of Civil Procedure, the general rule is that all parties must be identified and prosecute the cause of action under their real names. Specifically, Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all parties." Further, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest."

Although this is the general rule, the Sixth Circuit and most other courts have created exceptions for allowing causing of action to be brought under fictitious names using a balancing test of competing interests regarding that anonymity. *See e.g., Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). Tennessee state law has long permitted plaintiffs to proceed anonymously. *Doe v. HCA Health Services of Tennessee, Inc.*, 46 S.W.3d 191, 194 (Tenn. 2001) ("the trial court permitted plaintiffs to use pseudonyms because "Mrs. Doe" is employed in a physician's office, and she feared that public disclosure of her identity might

3

subject her employer to retaliation and/or embarrassment."); *Campbell v. Sundquist*, 926 S.W.2d 250, 253 n.1 (Tenn. App. 1996). Notably, the Supreme Court has authorized the use of pseudonym complaints due to the sensitive and highly private nature of the subject matter. *See e.g., Doe v. Bolton*, 410 U.S. 179 (1973).

The Sixth Circuit has identified the following factors as relevant in determine whether a party's privacy interests outweigh the public interest in publicly identifying all parties:

> (1) whether the plaintiff is seeking to challenge government activity
>
> (2) whether the prosecution of the suit will cause the plaintiff to disclose information "of the utmost intimacy"
>
> (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution
>
> (4) whether the plaintiffs are children

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004).

Other district courts in the Sixth Circuit have considered additional factors relevant to the particular case. For example, in *Doe v. Fedex Ground Package System, Inc.*, the court considered the *Porter* factors, but also considered additional factors including the risk of psychological and other harm to the plaintiffs and fundamental fairness and the public's interest in open proceedings. 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021). Likewise, because the *Porter* factors are a non-exhaustive list, this Court may also consider additional relevant factors beyond the *Porter* factors. In the Second Circuit, courts look to a list of ten factors when considering whether a party can proceed under a fictious name, some of which are helpful here. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). Specifically, these helpful factors include (1) whether identification poses the risk of harms to plaintiffs; and (2) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public

4

interest in knowing litigants' identifies. *Id.* Plaintiff will address the *Porter* factors and other relevant factors in turn.

### i. *The plaintiff is not seeking to challenge government action.*

Accordingly, this factor does not weigh in favor of allowing plaintiff to proceed anonymously.

### ii. *The prosecution of the suit will cause the plaintiff to disclose information of the "utmost intimacy."*

The litigation would require Plaintiff to reveal information about her medical condition, including her injuries, treatment, restrictions, and limitations. These restrictions include neuropsychological restrictions and cognitive limitations in addition to physical restrictions and limitations. This information is highly sensitive, and personal in nature. The Plaintiff is likely to suffer loss of professional reputation with her attorney peers and the judges she practices in front of, as well as embarrassment should she be forced to reveal her limitations publicly. Therefore, this factor weighs heavily in favor of allowing the plaintiff to proceed anonymously.

### iii. *The litigation does not compel the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution*

This litigation does not require the plaintiff to disclose any intention to violate the law and accordingly this factor does not weigh in favor of the plaintiff.

### iv. *The plaintiff is not a child*

Plaintiff is not a child and therefore this factor does not weigh in favor of the plaintiff.

### v. *Identification poses the risk of real harm to the plaintiff, but not identifying the plaintiff poses no risk of harm to the Defendants.*

Identification poses a real risk of harm to the plaintiff in this case. If the plaintiff is identified, her future clients may lose confidence in her capabilities. Although her employer is aware of her need for accommodations, her professional reputation with other attorneys and

judges, should she recover enough to practice in her former profession, might be harmed. Further, Plaintiff would likely have difficulty obtaining alternate employment in the legal industry should she recover enough to work in a full-time capacity again and should her limitations be publicly known.

However, allowing her to proceed under a pseudonym poses no risk of harm to the defendants. Plaintiff can be identified by the defendants via her claim number, which is identified in the complaint. Therefore, any risk of injury and prejudice to the Defendant is easily mitigated, and the Defendant is not at risk of harm should the Court allow Plaintiff to proceed under a pseudonym.

### vi. *The purely legal nature of issues presented creates an atypically weak public interest in knowing the parties' identities*

This is a dispute between two private parties that will be decided as a matter of law by this Court without a jury, on a closed ERISA Record. While the Court's findings of law may interest the public at large, and particularly similarly situated plaintiffs, the plaintiff's identity has no relevance to the legal issues that the Court will decide. Additionally, any member of the public can follow the proceedings and read the Court's decisions without having access to the plaintiff's identity accessing that information. Accordingly, the purely legal nature and limited public interest in the outcome of the litigation weighs heavily in favor of the Plaintiff.

### III. CONCLUSION

Although only one of the *Porter* factors is relevant to the reasons that the Plaintiff seeks the court's permission to proceed under a fictious name, that factor weighs heavily in her favor. The litigation will require Plaintiff to disclose sensitive information, including medical records, psychiatric records, neuropsychological testing and cognitive limitations. Also, additional factors that are considered by other courts weigh in favor of allowing the plaintiff to proceed under a

fictious name. Namely, that her identification poses a real risk to her, but no risk whatsoever is posed to the Defendants should she be allowed to proceed anonymously, and that the purely legal issues in this case create an atypically weak public interest in knowing the Plaintiff's identity. Thus, Plaintiff asks the Court to grant her motion and allow her to proceed under a pseudonym in this action.

BY: */sHudson Ellis*
Hudson T. Ellis (BPR #28330)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
ellish@buchanandisability.com


*/s/ Kaci D. Garrabrant*
Kaci D. Garrabrant (BPR # 039026)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)
kgarrabrant@buchanandisability.com

*/s/ Mary Elizabeth Maddox*
Mary Elizabeth Maddox
(BPR # 016576)
550 West Main Street, Suite 500
Knoxville, TN 37902
(865) 546-9321
(865)637-5349 (fax)
mmaddox@fmsllp.com

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of this the foregoing document has been served upon all parties of interest in this case, filing it with the Court's electronic case filing system:

>Unum Group
>By and Through Corporation Service Company
>2908 Poston Ave.
>Nashville, TN 374203
>
>Unum Life Ins. Co. of America
>By and Through the Department of Commerce and Insurance
>500 James Robertson Parkway
>Nashville, TN 37243

This the 10th of June, 2022.

>/s/ *Hudson T. Ellis*
>Hudson T. Ellis