UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:22-CV-212-DCLC-DCP |
| UNUM LIFE INSURANCE COMPANY, OF AMERICA, and UNUM GROUP CORP., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order [Doc. 2]. Defendants have responded in opposition to the motion [Doc. 13]. Plaintiff has filed a reply [Doc. 16]. The motion is ripe for adjudication. For the reasons explained below, the Court **DENIES** Plaintiff's motion [**Doc. 2**].

### I. BACKGROUND

This lawsuit arises from Defendants' denial of long-term disability benefits ("LTD") under an employee benefits plan [Doc. 1 p. 1]. Plaintiff was employed as an attorney at Baker, Donelson, Bearman, Caldwell and Berkowitz, P.C. ("Baker Donelson"), and the firm maintained an LTD benefits plan ("Plan") [*Id*. ¶¶ 11–12]. On November 6, 2018, Plaintiff was involved in a car accident, sustaining significant injuries [*Id*. ¶¶ 16–17]. Following the accident, Plaintiff began treating, and continues to treat, with David Hauge, M.D. ("Dr. Hauge"), a neurologist, for post concussive syndrome [*Id*. ¶ 18]. On November 26, 2018, Dr. Hauge released Plaintiff to work but

only for four hours a day [*Id.* ¶ 19]. Plaintiff's other providers, including a speech language pathologist, therapist, and a psychiatrist, agree that Plaintiff should not work more than four hours per day [*Id.* ¶ 22].

Plaintiff alleges that she timely filed an application for LTD benefits pursuant to the Plan, but Defendants denied her benefits claiming that she did not have an immediate loss in earnings [*Id.* ¶ 26]. In March 2020, her employer reduced her pay, so Plaintiff reapplied for partial LTD benefits on June 20, 2020 [*Id.* ¶¶ 27–28]. Defendants denied Plaintiff's claim on November 11, 2022, claiming that she did not have restrictions and limitations supporting an inability to work [*Id.* ¶ 29]. Plaintiff appealed this decision, but Defendants affirmed the denial [*Id.* ¶¶ 30, 43]. Plaintiff claims violations of the Employment Retirement Income Security Act of 1974 ("ERISA") [*Id.* ¶¶ 64–71].

Plaintiff seeks entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) that (1) permits her to proceed in this action under the pseudonym "Jane Doe," (2) bars the disclosure of her name or other information that identifies her directly or indirectly, and (3) requires that any documents contain such information be redacted or filed under seal [Doc. 2 pp. 2–3]. Plaintiff wishes to keep her medical information and injuries private given her concern that "she would experience significant loss of her professional reputation with peer attorneys and judges she practices with, embarrassment, and an inability to find alternative employment in the legal field, should she recover enough in the future to pursue it" [Doc. 3 p. 3]. Defendants respond that Plaintiff's privacy concerns do not outweigh the presumption that court records are open to the public and that her concerns regarding her professional reputation are speculative [Doc. 13].

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to the other parties." Fed. R. Civ. P. 10(a). In other words, "[i]t is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. Rule Civ. P. 10(a)). A plaintiff who wishes to protect his identity, however, must ordinarily "file[] a protective order that allows him or her to proceed under a pseudonym." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 5.2(e) (explaining that for good cause shown, the court may enter a protective order that "require[s] redaction of additional information"); Fed. R. Civ. P. 26(c) (explaining that the movant must establish good cause for a protective order).

In deciding whether to allow a party to proceed using a pseudonym, the Court must "determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has articulated the following relevant factors a court may consider in making this determination:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id*. Another consideration is whether "defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Id.*; *see also Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2015 WL 268995, at *5 (S.D. Ohio Jan. 21, 2015) (citation

3

omitted). Parties desiring to proceed using a pseudonym have a "heavy burden." *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *5 (N.D. Ohio Feb. 3, 2016) (citing *Doe v. Warren Cnty.*, No. 1:12-CV-789, 2013 WL 684423, at *3 (S.D. Ohio Feb. 25, 2013)).

Plaintiff asserts that the litigation will force her to disclose information of the utmost intimacy—that is, her medical condition, which includes her injuries, treatment, restrictions, and limitations. Plaintiff explains, "These restrictions include neuropsychological restrictions and cognitive limitations in addition to physical restrictions and limitations" [Doc. 3 p. 5]. Plaintiff fears that disclosure of her medical condition will cause a significant loss to her professional reputation. Plaintiff argues that the *Porter* factors are non-exhaustive and that the Court may consider other relevant factors [*Id.* at 4 (citing *Doe v. Fedex Ground Package System, Inc.*, No. 3:21-cv-395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021)]. In addition, Plaintiff asserts that the Second Circuit Court of Appeals relies on two additional factors that are helpful in this case: (1) whether identification poses a risk of harm to the plaintiff, and (2) whether public interest is weak given the purely legal nature of the issues presented [*Id.* (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008)]. Plaintiff argues that these two factors weigh in her favor and that Tennessee courts have also permitted plaintiffs to proceed anonymously.

Defendants object stating that the motion is premised on unsubstantial fears regarding Plaintiff's reputation as an attorney. They assert that Plaintiff has not established a basis to proceed anonymously under the Sixth Circuit's criteria because Plaintiff's medical condition does not involve any details of the utmost intimacy. Defendants assert that Plaintiff's concern that she would lose her professional reputation should she disclose her identity is speculative [Doc. 13 p. 3 (citing *The Univ. of Akron*, 2016 WL 4520512, at *4)]. In addition, Defendants aver that

allowing Plaintiff to file under a fictious name would violate public policy as many ERISA disability plaintiffs, as well as plaintiffs who sue under the Americans with Disabilities Act ("ADA"), may seek similar protections.

Plaintiff replies that Defendants' reliance on *The University of Akron* is misplaced, and her fear that public disclosure could harm her professional reputation is well-founded [Doc. 16 pp. 1–2 (citing *Doe v. Provident Life*, 176 F.R.D. 464, 468 (E.D. Pa. Jan. 9, 1997))].

The Court finds that Plaintiff has not established her burden that her privacy interests outweigh the openness of judicial records. Plaintiff acknowledges that three of the four *Porter* factors do not weigh in favor of her request [Doc. 3 p. 4]. But, Plaintiff argues that the prosecution of this case will cause her to disclose information of the utmost privacy about her medical condition. Several courts have explained that information of the utmost privacy concern "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)). A similar argument was recently raised in *Doe v. Tenn. Bd. of Law Exam'rs*, and the court found that mental and physical health records are not subjects identified in the above categories deserving protection. No. 3:22-CV-138-TRM-JEM, 2022 WL 2951447, at *2 (E.D. Tenn. July 25, 2022).

The parties agree that the *Porter* factors are not exclusive, and the Court may consider other factors relevant to the circumstances of the case. *Fedex Ground Package Sys.,* 2021 WL 5041286, at *5 ("The court may exercise its discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable standard is whether 'a plaintiff's

privacy interests *substantially outweigh* the presumption of open judicial proceedings.'") (quoting *Porter*, 370 F.3d at 560). Other relevant factors may "include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's [sic] proceeding anonymously." *Id*.

With respect to prejudice, the Court finds that Defendants will not suffer any prejudice by granting the motion. Defendants do not argue that they will be prejudiced, and Plaintiff asserts that they "are aware of [her] true identity," and "they can identify her claim through her claim number," which she identified in the Complaint [Doc. 2 p. 2]. But, with respect to whether Plaintiff would risk suffering injury, the Court finds this factor weighs against her request. Plaintiff argues that disclosing her identity poses a real risk of harm because her future clients may lose confidence in her capabilities and her professional reputation with other attorneys and judges, should she recover enough to practice in her former profession, might be harmed.[1] While the Court is sympathetic to Plaintiff's concerns, "generalized and unspecific fears are not sufficient to establish this heavy burden." *Tenn. Bd. of Law Exam'rs*, 2022 WL 2951447, at *2; *see also Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 998809, at *3 (E.D. Ky. Mar. 2, 2020) (finding the plaintiff's general allegations of harm speculative); *Doe v. Franklin Cnty.*, No. 2:13-CV-00503, 2013 WL 5311466, at *4 (S.D. Ohio Sept. 20, 2013) (finding generalized and unspecific fears of ridicule not sufficient "to rebut the general rule that parties to litigation should proceed under their real name"); *see also Karl v. Bizar*, No. 2:09-CV-34, 2009 WL 3644115, at *3 (S.D. Ohio Oct. 28, 2009) ("[H]arm to one's reputation or injury to one's standing

---

[1] In support of her argument, Plaintiff filed her Declaration [Doc. 5], which the Court has placed under seal pending adjudication of this motion.

in the community does not warrant a deviation from the strong presumption of public access" (citations omitted)).

Plaintiff relies on *Provident Life and Acc. Ins.* in support of her position. 176 F.R.D. at 464. In that case, the court allowed the plaintiff to proceed using a pseudonym finding that the plaintiff's privacy interests outweighed the public's interest in the case. *Id.* at 469. The plaintiff was an employee benefits and insurance broker when he filed for disability benefits under an insurance policy due to several psychiatric disorders. *Id.* at 465.[2] The court articulated several factors for addressing requests to proceed using a pseudonym and found that the plaintiff's fear that he would be stigmatized in the community if it became aware of his mental illnesses was "not unfounded." *Id.* at 468. The court also explained that plaintiff's occupation required him to deal with attorneys on a regular basis and "[t]here is a strong possibility that some of these attorneys will follow this case in legal publications with the result being that plaintiff's professional reputation will be permanently damaged." *Id.* The court also found that maintaining confidentiality was in the public's interest so as not to deter plaintiffs with mental illnesses from suing to vindicate their rights. *Id.*

While the facts in *Provident Life* are similar, "*Porter*, not *Provident Life* . . . is the controlling precedent that this Court must follow." *The Univ. of Akron*, 2016 WL 4520512, at *5; *see also Doe v. UNUM Life Ins. Co.*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (finding that the public interest outweighed an attorney's request to proceed unanimously in his ERSIA case

---

[2] The plaintiff's psychiatric disorders included general anxiety disorder, dysthymic disorder, adult attention deficient disorder, personality disorder, immature, inadequate, passive aggressiveness, and occupational stress with previous job. *Provident Life*, 175 F.R.D. at 465.

despite his argument that he was a well-known lawyer and that public disclosure of his mental illness presented a compelling need to proceed anonymously). But even if the Court were to follow *Provident Life*, the Court finds that Plaintiff has not made a sufficient showing that her fears regarding her injuries carry similar stigma as someone with psychiatric disorders. *UNUM Life Ins.*, 164 F. Supp. 3d at 1145 ("But even where the standard for pseudonymity is more lenient, in the context of disabling conditions out of circuit courts have emphasized how exceptional and stigmatizing the issues must be to allow anonymity." (collecting cases)).

Plaintiff asserts that this case involves pure legal issues and that her name is not relevant to the proceedings. But this argument flies in the face of Rule 10 and does not outweigh the strong presumption of open court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) (explaining the strong presumption of open court records). Finally, Plaintiff asserts, "Tennessee state law has long permitted plaintiffs to proceed anonymously" [Doc. 3 p. 3 (citing *Doe v. HCA Health Servs. of Tennessee, Inc.*, 46 S.W.3d 191, 194 n.1 (Tenn. 2001); *Campbell v. Sundquist*, 926 S.W.2d 250, 253 n.1 (Tenn. Ct. App. 1996), *abrogated by Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008))].[3] But, Tennessee law is not controlling in this ERISA action. The Court, therefore, finds Plaintiff's request not well taken.

---

[3] In *HC Health Servs.*, the Tennessee Supreme Court stated that the trial court allowed plaintiff to proceed using a pseudonym but noted, "No issue has been raised on appeal concerning the trial court's decision to allow the plaintiffs to prosecute this action under pseudonyms." 46 S.W.3d at 194 n.1. Further, *Campbell* involved several plaintiffs who challenged the constitutionality of the Homosexual Practices Act, which they admitted they had previously violated. 926 S.W.2d at 253.

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order [**Doc. 2**]. Plaintiff **SHALL** file an amended Complaint containing her full name **within fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge