# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| Ashley Strittmatter<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP CORP.,<br><br>    Defendants. | Civil Action No. 3:22-cv-212 |

## AMENDED COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Ashley Strittmatter, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability ("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Employee Welfare Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Ashley Strittmatter, (hereinafter "Plaintiff"), was at all relevant times, and is currently a resident of Knox County, Tennessee.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 219824, issued to Plaintiff's employer, Baker, Donelson, Bearman, Caldwell and Berkowitz, PC ("Baker Donelson"), and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Unum Life is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

10. Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## FACTS

11. Plaintiff was employed by Baker Donelson as an attorney.

12. Baker Donelson maintained an LTD benefits plan ("the Plan") for the benefit of its employees.

13. LTD benefits under the Plan were funded by Unum Life policy number 219824.

14. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides LTD benefits under the Plan.

15. The terms of the plan include a provision for partial disability which reads: "you are disabled when Unum determines that due to your sickness or injury: you are unable to perform one or more of the material and substantial duties of your regular occupation, and you have a 20% or more loss in your indexed monthly earnings while working in your regular occupation or in any occupation."

16. Plaintiff was in a single vehicle crash on November 6, 2018 on her way to a meeting.

17. Plaintiff was airlifted to the University of Tennessee Medical Center with initial diagnoses of subdural hematoma, intraparenchymal hemorrhage, mild pneumomediastinum, pulmonary contusion, L1-2 transverse process fracture, right frontal scalp contusion, and pain control secondary to trauma.

18. Plaintiff began treating with Dr. David Hauge, MD, a neurologist, following the accident for post concussive syndrome and he continues to treat her today.

19. Plaintiff was released to return to work on November 26, 2018 with the restriction of working for only four hours per day.

20. Since 2018, Plaintiff has continued to suffer from increased fatigue, headaches, and cognitive difficulties if she attempted to work more than four hours per day, which is confirmed in Dr. Hauge's medical records.

21. Plaintiff has sought treatment with a speech language pathologist, therapist, and psychiatrist in addition to Dr. Hauge.

22. All her providers agree that Plaintiff should not work more than four hours per day.

23. Plaintiff has worked only on this part-time basis since her accident in 2018.

24. Plaintiff has been and continues to be partially disabled as defined by the provisions of the Plan.

25. Plaintiff timely filed an application for LTD benefits under the Plan with Unum and Unum assigned her claim number 17887926.

26. Defendants denied Plaintiff's initial application for partial disability benefits because, although Unum agreed her medical condition and necessary restrictions met the definition of disability, she did not have an immediate loss in earnings as required by the plan to be eligible for benefits.

27. In March of 2020, Plaintiff's pay was reduced by her employer as a result of her reduced hours.

28. On June 20, 2020, Plaintiff re-applied for partial LTD benefits, and Unum continued to use the same claim number.

29. Unum denied Plaintiff's claim on November 11, 2020 stating that plaintiff did not have restrictions and limitations supporting an inability to perform her own occupation and relying on the opinion of a file reviewing physician.

30. Plaintiff filed a timely appeal and submitted additional evidence including updated medical records, and a declaration from Dr. Hauge explaining her limitations.

4

31. Defendants hired file reviewing physicians to look at medical records and they concluded that Plaintiff Strittmatters not have limitations preventing her from performing the material and substantial duties of her occupation.

32. Unum provided these reviews to Plaintiff on September 24, 2021.

33. Because Plaintiff needed an extension to respond to these file-reviewing opinions, the parties agreed that Plaintiff would submit additional evidence by November 1, 2021.

34. The parties also agreed that Defendants would have 30 days from the date it received Plaintiff's rebuttal evidence to make a decision.

35. Plaintiff submitted additional evidence including medical records, a neuropsychological evaluation, affidavits from Plaintiff's providers and a vocational review from Dr. Bentley Hankins via fax on November 1, 2021.

36. Unum notified Plaintiff's counsel on November 2, 2021 that the faxes received on November 1, 2021 were incomplete.

37. The record shows that defendant received a complete copy of that evidence via mail on November 8, 2021.

38. Unum did not make a decision or ask for an extension on or before December 8, 2021 which is 30 days from when it received the complete copy of the rebuttal evidence via mail.

39. Unum did not make a decision until December 23, 2021, 45 days after it received the rebuttal evidence, and well past the agreed deadline.

40. Pursuant to 29 C.F.R. §2560.503-1(l), due to Unum's failure to act in a timely fashion, Plaintiff was deemed to have exhausted her administrative remedies and is entitled to pursue all available remedies under ERISA 502(a) in this court.

41. Due to Unum's failure to establish and follow reasonable claims procedures Plaintiff is entitled to *de novo* review of its denial of her claim.

42. In their December 23 letter, Defendants denied Plaintiff's claim for ongoing LTD benefits, stating that she could perform her own occupation despite her medical condition.

43. The December 23 letter stated the Plaintiff had exhausted her administrative remedies and had a right to bring a lawsuit under ERISA § 502(a) to challenge the denial of her benefits.

44. Plaintiff has exhausted her required administrative remedies with respect to the LTD claim.

45. The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

46. The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

47. The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

48. Unum's conflict of interest and bias is evident in the fact that it establishes monthly financial targets that encourage and incentivize its claims handlers to terminate a specified number of claims every month.

49. The monthly financial targets for denying claims are called "recovery plans," "recovery guidance," or words to that effect, and are provided by Unum's finance department to Unum's Assistant Vice Presidents and Directors who supervise and conduct claims handling.

50. The monthly targets, or "recovery plans," include the number of claims that each team is expected to terminate.

51.     Internal documents reveal that financial targets and goals for claim terminations are set at the unit level and that Unum sets goals for open claim recoveries (i.e., denying an open claim) per day.  (See Exhibit 1, Weekly Tracking Reports).

52.     In order to receive bonuses under Unum's incentive program, Unum employees are evaluated against certain criteria, which include planned claim terminations, expected liability acceptance rates, and anticipated reopen rates. (see e.g., Exhibit 2, ID Director Scorecards).

53.     Plaintiff's counsel recently took the deposition of the Assistant Vice President Marianne Justin, an AVP in Unum's long term disability claim department. Ms. Justin confirmed that she received "financial guidance" each month.  (See Exhibit 3, selected excerpts from the Deposition of Marianne Justin, p. 47:23-51:6).

54.     Ms. Justin also received a Weekly Tracking Report each Monday that contained new financial target numbers for her team.  *Id.* at, 103:11-18.  Ms. Justin explained that she shares the Weekly Tracking Reports with her team in weekly meetings on each Tuesday. *Id.* at, 80:13-82-21; 99:15-100:22.

55.     Directors are expected to be familiar with how the Weekly Tracking Reports are formatted, how they work, and what their data means for their team. *Id.* at, 103:11-105:9.

56.     AVP Justin confirmed that whether Unum's AVPs meet the financial metrics is part of their performance evaluation.  *Id.* at, 136:9-16.

57.     Ms. Justin provided additional testimony and referred to additional documents that are relevant to Unum's conflict of interest, but that testimony and evidence is currently designated "confidential."

58. Defendants targeted Plaintiff's claim for denial in order to meet their financial goals.

59. Defendants' targeting of Plaintiff's claim for denial taints all evidence it developed during the review of her claim as the review was designed to reach the result of a denial, not an impartial weighing of the evidence.

60. Defendants have acted under a policy to take advantage of the potential applicability of ERISA to claims.

61. The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

62. The Defendants' decision-making process violated the terms of the applicable ERISA Plans and ERISA law and regulations.

63. The Defendants' decision to deny benefits was wrong under the terms of the Plan and under ERISA, and was arbitrary and capricious.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST THE DEFENDANT
## PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

64. Under the terms of the Plan, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

65. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

66. Defendants failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

67. The decisions to terminate benefits were wrong under the terms of the Plan.

68. The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

69. The decisions to deny benefits were not supported by substantial evidence in the record.

70. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

71. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. A finding in favor of Plaintiff against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan or under any other employee welfare benefit plan;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 23rd day of September, 2022.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: /s/ Hudson Ellis
Hudson T. Ellis (BPR #28330)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
ellish@buchanandisability.com

/s/ Kaci D. Garrabrant
Kaci D. Garrabrant (BPR # 039026)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)
kgarrabrant@buchanandisability.com

/s/ Mary Elizabeth Maddox
Mary Elizabeth Maddox
(BPR # 016576)
Frantz, McConnell & Seymour, LLP
550 West Main Street, Suite 500
Knoxville, TN 37902
(865) 546-9321
(865)637-5349 (fax)
mmaddox@fmsllp.com