UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ASHLEY STRITTMATTER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-212-DCLC-DCP |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, and UNUM GROUP CORP., | ) ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Reconsideration of the Court's Ruling Denying Motion to Proceed Under Pseudonym [Doc. 35]. Defendant responded in opposition to the motion [Doc. 37]. Plaintiff filed a reply [Doc. 38]. The motion is ripe for adjudication. For the reasons stated below, the Court **DENIES** the motion [**Doc. 35**].

**I.    ANALYSIS**

By way of background, Plaintiff previously requested to proceed under a pseudonym [Doc. 2]. The Court denied that motion finding that Plaintiff did not meet the heavy burden to proceed using a pseudonym [Doc. 21]. In the instant motion, Plaintiff requests that the Court reconsider its Memorandum and Order [Doc. 21], citing to Rule 54(b) of the Federal Rules of Civil Procedure. Specifically, Plaintiff submits that the circumstances in this case have changed such that she should be able to proceed using a pseudonym. Plaintiff explains that Defendants have "decided to approve [her] claim for long term disability benefits without any additional evidence beyond the evidence available for its initial review" [Doc. 36 p. 1]. Plaintiff requests that the Court

1

reconsider its order "[b]ecause the Court's order was not a final order adjudicating all rights of the parties" [*Id*.]. Arguing that the facts underlying Plaintiff's need to bring this lawsuit have changed, she states that she "would not have begun this litigation and would not have put her professional reputation at risk had Unum approved her claim on the initial claim review" [*Id*. at 4]. Plaintiff asserts that the Court has not issued any orders on the merits that may interest the public and the parties anticipate that the case will be dismissed without a ruling on the merits. Plaintiff states, "Granting anonymity, at this point in the litigation will not harm the Defendants, but it will provide a remedy to Plaintiff, who should not have been required to bring this lawsuit to recover benefits that Unum now agrees she was owed all along" [*Id*.].

Defendants respond that Plaintiff's alleged changed circumstances do not outweigh the presumption of open court records [Doc. 37]. Defendants assert that their agreement "to pay benefits on the claim is not materially different from what often occurs in most employment or disability cases—that is, the parties reach a settlement where a defendant agrees to pay some—or, in some instances, all—of the amount claimed" [*Id*. at 1–2]. Defendants assert that resolving a claim does not support sealing the case. Defendants state that Plaintiff's concern that the disclosure of her medical information may cause loss to her professional reputation it "less likely to come to fruition now given" that the parties did not brief her medical condition [*Id*. at 2].

Plaintiff replies that "because the merits of the case resolved promptly and without court intervention, the public interest in keeping these proceedings public greatly diminished" [Doc. 38 p. 1]. Plaintiff maintains that she "would not have begun this litigation and would not have put her professional reputation at risk at all had [Defendants] approved her claim on the initial claim review, as its recent approval confirms it should have done" [*Id*.]. While Defendants assert that this case is no different than, for instance, an employment matter settling, Plaintiff argues this

2

ignores the fact that settlements typically do not require the parties to admit wrongfulness, but here, Defendants' approval is such an admission. Plaintiff is not aware of any other case where an insurer approved the claim during the litigation without new information being submitted. Plaintiff states that while the parties did not brief the merits, she made allegations about her medical condition in her pleadings, so the risk of harm to her professional reputation still exists. Plaintiff maintains that had Defendants appropriately considered the claim, she would not have been forced to file this lawsuit.

Rule 54 states that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and abilities." Fed. R. Civ. P. 54(b). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Courts may reconsider an order "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

Plaintiff argues that the circumstances of this case have changed given that Defendants have now approved her claim without any adjudication on the merits. The Court finds this circumstance does not warrant proceeding using a pseudonym. As the Court has previously explained, "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to the other parties." Fed. R. Civ. P. 10(a). In deciding whether to allow a party to proceed using a pseudonym, the Court must "determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial

3

proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (articulating the four factors courts may consider in determining whether a party should proceed using a pseudonym).[1] In its Memorandum and Order [Doc. 21], the Court found that none of the *Porter* factors weigh in Plaintiff's favor. The changed circumstances of this case do not change this original conclusion.

Even considering the changed circumstances, however, the Court does not find that they warrant granting Plaintiff's request. As courts have explained, Rule 10 has "'constitutional overtones,' as a plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment.'" *Doe v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, No. 3:20-CV-01023, 2022 WL 2293898, at *2 (M.D. Tenn. June 24, 2022) (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation omitted)).[2] The Court finds Plaintiff's request not well taken.

---

[1] The *Porter* factors include (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Porter*, 370 F.3d at 560.

[2] Plaintiff cites to *Doe* in support of her position. In *Doe*, the court originally allowed the plaintiff to proceed using a pseudonym because the plaintiff was a parent of a child with special needs, and the plaintiff alleged that her lawsuit involved defendant's treatment of the minor child. *Doe*, 2022 WL 2293898, at *1. Later, the defendants asked for reconsideration because the factors no longer supported the plaintiff's use of pseudonym. *Id*. at *2. The court agreed and found that the *Porter* factors, along with other circumstances, no longer supported the plaintiff's use of a pseudonym. *Id*. at *3–4. The Court finds that *Doe* supports the conclusion that Plaintiff cannot proceed using a pseudonym. Here, none of the *Porter* factors weigh in her favor and the change circumstances of this case do not affect this conclusion.

## II.    CONCLUSION

The Court **DENIES** Plaintiff's Motion for Reconsideration of the Court's Ruling Denying Motion to Proceed Under Pseudonym [**Doc. 35**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge